NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0160n.06
Case No. 23-3804

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Apr 10, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| EDWARD LYONS, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| TECUMSEH LOCAL SCHOOL DISTRICT, et al., | ) | DISTRICT OF OHIO |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; GRIFFIN and READLER, Circuit Judges.

SUTTON, Chief Judge. The First Amendment covers a lot of things. But it does not insulate a public school teacher from discipline—a multi-day suspension—for a physical encounter with a thirteen-year-old student. The district court rejected the teacher's First Amendment retaliation claim as a matter of law. We affirm.

I.

Edward Lyons has taught middle school in Ohio's Tecumseh Local School District since 1995. His first twenty-six years passed without incident. But an increase in student misbehavior began to bother him. He "observed this trend firsthand," including "instances of students acting out towards teachers and administrators without consequence." R.9 at 3.

On February 25, 2020, he attended an open school board meeting to register these concerns on behalf of his union. As the speeches ran long, he made just a "brief [comment], simply

confirming to the Board president he was aligned with the other speakers and had signed up to speak on" "the growing student misconduct problem and the District's failure to address it." *Id.*

About twenty months later, on November 5, 2021, Lyons decided to teach a student a lesson for not seeking permission before trying to leave class to use the restroom. He told the seventh grader to return to his seat. The student ignored him and continued to walk out. Lyons blocked the door with his body. Over the next ten minutes, the student physically struggled with Lyons before finally requesting his consent to leave.

Unbeknownst to Lyons, another student recorded the standoff. The video caught the eye of local news and of the Tecumseh Local School District Superintendent, Paula Crew. A week later, Crew served Lyons with a notice of disciplinary charges and a predisciplinary hearing. After the hearing, the school district suspended him for five days without pay. An arbitrator reduced the suspension to three days with pay.

Lyons claimed that this discipline amounted to retaliation for his brief comment at the school board meeting more than twenty months earlier. He sued Crew and the school district, alleging violations of his free speech rights under the First Amendment and the Ohio Constitution. *See* 42 U.S.C. § 1983. The district court granted the defendants' motion for judgment on the pleadings. Lyons appeals the federal claim.

## II.

To establish a claim of retaliation under the First (and Fourteenth) Amendments, Lyons must show (1) that he engaged in constitutionally protected conduct, (2) that the school district sanctioned him in a way that would deter a person of ordinary firmness from exercising his rights, and (3) that a causal connection exists between his speech and the discipline. *See Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist. II*, 624 F.3d 332, 337 (6th Cir. 2010). We give

fresh review to the district court's decision to grant judgment on the pleadings. In doing so, we accept Lyons's allegations as true, draw all reasonable inferences in his favor, and ask whether the allegations state a plausible claim for relief. *See Hudson v. City of Highland Park*, 943 F.3d 792, 798 (6th Cir. 2019). The district court found it necessary only to address Lyons's failure to establish causation, and so do we.

To establish causation, the constitutionally protected speech must prompt the adverse employment action. *See Cunningham v. Blackwell*, 41 F.4th 530, 542 (6th Cir. 2022). There is nothing retaliatory about disciplining an employee when the discipline has nothing to do with the prior speech. *See Sensabaugh v. Halliburton*, 937 F.3d 621, 629–30 (6th Cir. 2019). Close proximity in time between the conduct and action may aid this showing, though it is not dispositive. *See Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400–01 (6th Cir. 2010) (collecting cases). A lengthy gap between an employee's protected activity and the retaliatory action, by contrast, cuts against a claim of causation. *See Jackson v. Leighton*, 168 F.3d 903, 912 (6th Cir. 1999).

Measured by these considerations, Lyons has not shown causation. Lyons's brief comment at the school board meeting merely aligned him with other speakers. By his own telling, his "reputation as an excellent teacher" remained intact and he was not "subjected to any written discipline" following the meeting. R.13 at 7; R.9 at 3. His complaint does not identify any discipline (or other potentially adverse actions) against him between the time of the school board meeting and the physical confrontation with the student. It took more than twenty months for any discipline to occur, and that happened only after Lyons did something—a physical confrontation with a student covered on video—that, at a minimum, would generate an investigation in any school district. This marked gap in time between his brief statement and the discipline by itself suggests an absence of causation. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001)

(per curiam) (reasoning that an adverse action occurring twenty months after the conduct "suggests, by itself, no causality at all"). Confirming the point is the unmistakable reality—unmistakable because it was caught on video—that his discipline followed immediately after his confrontation with the student. Any other approach to this uncontradicted sequence of events gives free-speech retaliation claims a bad name. On these pleadings, Lyons has not plausibly alleged causation.

In trying to rebut this conclusion, Lyons fails to connect the dots between his speech and his discipline. He never mentions any adverse actions taken against other teachers who spoke in more detail at the meeting. He never mentions any instance in which the school district or the superintendent mentioned his presence at the meeting. He never mentions any other potentially adverse actions against him during the twenty months after the school board meeting and before the physical confrontation. The most he says is that the school district lacked the opportunity to discipline him during the school years leading up to the incident. But that simply is not the case. Whether it is the school board or the superintendent, they all had authority to impose adverse actions against him had they wished during those twenty months. They did not, at least until he physically confronted his seventh-grade student. In the final analysis, "a free speech retaliation claim still requires *retaliation.*" *Frieder v. Morehead State Univ.*, 770 F.3d 428, 430 (6th Cir. 2014). But he has not plausibly alleged that here.

We affirm.

4